IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| KAMIZA SUTTON, | § | |
| | § | No. 354, 2016 |
| Defendant Below, | § | |
| Appellant, | § | |
| | § | Court Below: Superior Court of |
| v. | § | the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | |
| | § | ID No.  1511016368 (S) |
| Plaintiff Below, | § | |
| Appellee. | § | |
| | § | |
| | § | |
| | § | |

Submitted:  September 27, 2017
Decided:  November 2, 2017

Before **STRINE**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

**ORDER**

On this 2nd day of November 2017, upon consideration of the parties' briefs and the record of the case, it appears that:

1. The Appellant, Kamiza Sutton, appeals from a Superior Court jury verdict finding her guilty of Driving Under the Influence.  She contends that her arrest, made by the use of radar which detected her driving in excess of the speed limit, violated 21 *Del. C.* § 701(e).  The statute provides, in pertinent part, that "[n]o . . . town . . . police department shall operate any speed enforcement equipment outside of its

corporate limits . . ." The Superior Court ruled that her arrest did not violate the statute. We agree and affirm.

2. On October 31, 2015, Patrolman Bryan of the Laurel Police Department parked his patrol vehicle on what is known as the Laurel water tower property. The water tower property lies on the southeast side of Route 9 and is just inside Laurel's corporate limits. Patrolman Bryan began using radar to check the speed of vehicles as they drove into town on Route 9. The traffic toward which the radar was pointed was northeast of Patrolman Bryan, traveling in his direction. The area across the road from the water tower is not in Laurel's corporate limits. Although the area abutting Route 9 toward which the radar equipment was pointed included an area within town limits, most of the area and all of the right-of-way of Route 9 within the radar beam were outside the town limits. At approximately 12:27 a.m., Patrolman Bryan clocked a gray Toyota Camry heading into Laurel going fifty-nine miles per hour in a forty mile per hour zone. The Camry was not within the limits of Laurel when Patrolman Bryan clocked its speed. Patrolman Bryan performed a traffic stop, leading to the arrest of Sutton for Driving Under the Influence.

3. Sutton filed a motion to suppress evidence which challenged the validity of the traffic stop on the ground that the arrest violated 21 *Del. C.* § 701(e), which, as previously mentioned, prohibits a municipal officer from operating speed

2

enforcement equipment outside corporate limits. The Superior Court denied the motion to suppress.

4. Sutton did not argue in Superior Court and does not argue in this Court that the officer lacked jurisdiction to arrest her because she was outside town limits when her speeding was observed. Therefore, that issue, if it is an issue, is not before us.

5. She makes one argument on appeal. She contends only that 21 *Del. C.* § 701(e) prohibits the police officers of municipalities, towns or cities from monitoring the speed of cars outside of town limits, even when the officer is monitoring from within municipal, town or city boundaries. That statute reads in full: "No municipal, town or city police department shall operate any speed enforcement equipment outside of its corporate limits, notwithstanding any municipal charter provision or provision of this Code to the contrary."[1] Sutton asserts that Patrolman Bryan was operating speed enforcement equipment outside of the Town of Laurel's corporate limits, making her stop unlawful. She argues that if the target of the radar is outside town limits, the operation of the speed enforcement equipment occurs outside town limits.

6. Because the proper construction of a statute is a question of law, the standard of review is *de novo*.[2] "The goal of statutory construction is to determine

---

[1] 21 *Del. C.* § 701(e).
[2] *LeVan v. Indep. Mall, Inc.*, 940 A.2d 929, 932 (Del. 2007).

and give effect to legislative intent."[3] "If a statute is unambiguous, there is no need for judicial interpretation, and the plain meaning of the statutory language controls."[4] "A statute is ambiguous if 'it is reasonably susceptible of different conclusions or interpretations' or 'if a literal reading of the statute would lead to an unreasonable or absurd result not contemplated by the legislature.'"[5]

7. Here, 21 *Del. C.* § 701(e) is unambiguous because the plain meaning of the statute is clear. Dictionaries define the word "operate" as, "to perform a function"[6] and to "control the functioning of (a machine, process or system)."[7] Patrolman Bryan was controlling his speed detection equipment from within Laurel's corporate limits. The statute requires only that the police *operate* the speed enforcement equipment within the town's boundaries. There is nothing in the statute that would require the target of the speed enforcement equipment also to be within the boundaries of the town. Accordingly, Patrolman Bryan was acting within the bounds created by 21 *Del. C.* § 701(e) when he ascertained Sutton's speed and subsequently pulled her vehicle over.

---

[3] *Eliason v. Englehart*, 733 A.2d 944, 946 (Del. 1999).
[4] *Id.*
[5] *LeVan*, 940 A.2d at 933.
[6] Merriam-Webster Online Dictionary, https://www.merriam-webster.com/dictionary/operate (last visited July 18, 2017).
[7] Oxford Online Dictionary, https://en.oxforddictionaries.com/definition/operate (last visited July 18, 2017).

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ James T. Vaughn, Jr.
Justice